IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOLAWOLE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 08 CV 2414 |
| ) | |
| ILLINOIS STATE POLICE, *et al.*, ) | The Hon. Charles R. Norgle |
| ) | Magistrate Judge Ashman |
| Defendants. ) | |

### STATE DEFENDANTS' MEMORANDUM OF LAW
### IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants, the Illinois State Police ("ISP"), Wilber Norrey, Chester Montgomery, Veronica Harris, and Akilah Marshall ("Chicago State University Police ("CSUP") Defendants"), hereinafter, collectively referred to as "State Defendants", by their attorney, LISA MADIGAN, Illinois Attorney General, submit the following as their Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint:

### INTRODUCTION

*Pro se* Plaintiff filed a rambling and incoherent Complaint purporting to state a cause of action for violations of Plaintiff's civil rights under 42 U.S.C. § 1983. Plaintiff's Complaint also presents several tort claims under Illinois State law and seeks compensatory and punitive damages for all claims. (Dkt. No. 7). Specifically, Count I of Plaintiff's Complaint involves a state law claim for Intentional Infliction of Emotional Distress; Count II a state law claim for Negligent Infliction of Emotional Distress; Count III a state law claim for Conspiracy, and Count IV a "prayer for relief under U.S. Constitution for Damages" for alleged violations of Plaintiff's First, Fourth, and

1

Fourteenth Amendment rights. While largely indecipherable, Plaintiff's storied Complaint appears to be based on his arrest (pursuant to a warrant) for "criminal trespass to state supported land" at the Chicago State University ("CSU") library on May 29, 2007. (Plaintiff's Complaint). Plaintiff alleges, *inter alia,* that he should not have been arrested for trespassing because he was on public, not private, property, and that the Defendants "ran [Plaintiff's] name," and "used criminal coercion" against him. (Plaintiff's Complaint, pg. 4). It is unclear how the ISP was involved in Plaintiff's arrest as Plaintiff's Complaint does not mention or make any allegations against the ISP.

The State Defendants seek the dismissal of Plaintiff's claims against them on several grounds. First, the ISP is not a "person" subject to suit under Section 1983 and Plaintiff's claims against it are absolutely barred by the Eleventh Amendment. Second, to the extent that Plaintiff's claims against the CSUP Defendants are against them in their official capacities, these claims are also barred by the Eleventh Amendment. Third, Plaintiff's Complaint fails to state a claim for relief and fails to comport with Federal Rules of Civil Procedure 8 and 10. Fourth, Plaintiff's state law claims are barred by the doctrine of state sovereign immunity, and the CSUP Defendants are entitled to public official immunity. Fifth, to the extent the Court should dismiss Plaintiff's federal claims against the State Defendants, the State Defendants respectfully request that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3) and *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1250 (7th Cir. 1994).

**STANDARD FOR MOTION TO DISMISS**

When considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), or challenges to the court's subject matter jurisdiction under 12(b)(1), the court takes the allegations in the complaint as true, viewing all facts-as well as any inferences reasonably drawn therefrom-in the light most favorable to the Capeheart. *Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004). Factual allegations are accepted as true and need only give "fair notice of what the…claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). However, the "allegations must plausibly suggest that the plaintiff has a right to the relief, raising that possibility above a 'speculative level'…." *Id.*, quoting *Bell Atlantic,* 127 S.Ct. at 1965, 1973 n. 14.

**ARGUMENT**

I.  **The ISP Must be Dismissed Because it is not a "Person" Subject to Suit Under 42 U.S.C. § 1983.**

Neither the State of Illinois nor a state agency are "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Collier v. Illinois Dept. of Human Rights*, 221 F.3d 1338 (7th Cir. 2000); *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999); *See also Garcia v. Illinois State Police*, 2006 WL 2191341 (finding the Illinois State Police is not a "person" subject to suit under § 1983). Therefore, Plaintiff's Section 1983 claims against the ISP must be dismissed with prejudice.

II.     **The Eleventh Amendment Bars Plaintiff's Section 1983 Claims Against the State Defendants.**

        **A. ISP Defendants.**

Plaintiff's Section 1983 claims against the ISP are also barred by the Eleventh Amendment. Absent consent of the State, a suit against the State or one of its agencies or departments is prohibited by the Eleventh Amendment. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781 (1978). This jurisdictional bar protecting the sovereignty of the individual states applies regardless of the relief sought. *Pennhurst*, 465 U.S. at 100.

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XII. While the literal reading appears not to include suits by a citizen against the citizen's own state, case law has interpreted the Eleventh Amendment immunity to apply to all suits against a state, regardless of one's citizenship. *Pennhurst* at 100. This Eleventh Amendment bar to federal jurisdiction over a state and state agencies has been reaffirmed many times. See *e.g., Jensen v. State Board of Taz Commissioners of State of Indiana*, 763 F.2d 272, 276 (7th Cir. 1985) (suits against nonconsenting state or one of its agencies or departments are "clearly proscribed" by the Eleventh Amendment); *Moore v. State of Indiana*, 999 F.3d 1125, 1128 (7th Cir. 1993); *Nelson v. LaCrosse County Dist. Atty*, 301 F.3d 820, 827, n.7 (7th Cir. 2002). The only exception to Eleventh Amendment immunity is if the state consents to suit, or if Congress overrides the Eleventh Amendment by specifically and unequivocally legislating under another constitutional grant of authority. See *Tennessee v. Lane*, 541

4

U.S. 509 (2004); *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976). Here, the ISP has not consented to suit and there has been no Congressional override. Therefore, Plaintiff's claims against the ISP must be dismissed with prejudice.

### B. CSUP Defendants.

As with Plaintiff's claims against the ISP, Plaintiff's claims against the four CSUP Defendants are also barred by the Eleventh Amendment. Although Plaintiff does not specify whether these claims are brought against the CSUP Defendants in their individual or official capacities, a § 1983 complaint "that fails to specify the capacity in which the defendants are being sued is ordinarily construed to be against them in their official capacity." *Stevens v. Umstead,* 131 F.3d 697, 706 (7th Cir. 1997). Assuming then that Plaintiff's claims are against the CSUP Defendants in their official capacities, these claims are precluded by the Eleventh Amendment. A suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the state. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). *See also Stevens v. Umstead,* 131 F.3d 697, 706 (7th Cir.1997) ("It is well established, of course, that any claim for damages under 42 U.S.C. § 1983 against state officials in their official capacities must be dismissed as barred by the Eleventh Amendment.") Therefore, Plaintiff's Section 1983 claims for damages against the CSUP Defendants must be dismissed with prejudice.

### III. Plaintiff's Complaint Fails to State a Claim for Relief.

To state a claim under federal notice pleading standards, a complaint must set for a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A plaintiff must provide "enough detail to give the defendant fair

notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 07-2975, 2008 WL 2168638 at *12 (7th Cir. 2008) (quotation and citation references omitted); *see also EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). Plaintiff's allegations must therefore plausibly suggest a right to the relief which raises a possibility above a "speculative level." *Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14. "Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'" *Killingsworth v. HSBC Bank Nevada*, 507 F.3d 614, 618 (7th Cir. 2007), *quoting Bell Atlantic*, 127 S.Ct. at 1974.

Plaintiff's complaint seeks damages against the ISP and four CSUP Defendants. With regard to Defendant ISP, Plaintiff's Complaint fails to make any mention, let alone any allegations, against it. Simply invoking the name of a potential defendant, however, is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."); *see also Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998) (a complaint should be dismissed if it fails to "provide the defendant with at least minimal notice of the claim" or if it fails "to include the operative facts upon which a plaintiff bases his claim."). Here, the ISP is only mentioned in the caption of Plaintiff's Complaint and there are no allegations against it anywhere in the body of Plaintiff's Complaint. As such, the ISP must be dismissed as a Defendant in this matter.

With regard to the CSUP Defendants, Plaintiff's rambling and confusing Complaint makes it very difficult to discern the basis for Plaintiff's claims against them, including what role each CSUP Defendant had in the incident that appears to be the subject of Plaintiff's Complaint. Plaintiff's Complaint does not set forth individual causes of action against any of the Defendants or specifically outline what counts are directed against which Defendants, as required by Federal Rule of Civil Procedure ("Rule") 10(b). Plaintiff's disorderly Complaint also fails to comport with Rule 8(a), which requires that Plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as Rule 8(e), which requires that each averment of a pleading be "simple, concise, and direct." Because Plaintiff's Complaint is so confusing and often incoherent, it must be dismissed for failure to state a claim and for failure to comport with the Federal Rules. Alternatively, at a minimum, Plaintiff should be required to replead his Complaint to comport with the Federal Rules so that the Defendants may be properly placed on notice as to the nature of Plaintiff's claims as well as which claims are directed against which Defendants..

**IV.    Plaintiff's State Law Claims are Barred by Sovereign Immunity.**

Plaintiff's state law tort claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and conspiracy[1] in counts I, II, and III of his Complaint must be dismissed for the additional reason that these claims are barred by the doctrine of state sovereign immunity. *See Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001); *Benning v. Bd. of Regents*, 928 F.2d 775, 778-79 (7th Cir. 1991) (stating that "State rules of immunity govern actions in federal court alleging violations of state law"). While Article XIII, Section 4 of the Illinois Constitution abolished sovereign immunity,

---

[1] According to Plaintiff's Complaint, his claim for conspiracy is brought under State law.

7

the General Assembly was granted the power to provide for it by law. (Illinois Constitution, 1970, Art. XIII, sec. 4). In response, the legislature enacted the State Lawsuit Immunity Act, 745 ILCS 5/1, which reinstated immunity to the State of Illinois in all suits against the State, except where the State has expressly consented to be sued or where the suit is brought under the Court of Claims Act. 745 ILCS 5/1 (2008). The Court of Claims Act provides, in part, that the Court of Claims "shall have exclusive jurisdiction to hear and determine…[a]ll claims against the State for damages in cases sounding in tort…" 705 ILCS 505/8(d) (2006).

The purpose of sovereign immunity is to protect the State from interference with the performance of governmental functions and to preserve and protect State funds. *People ex. rel Manning v. Nickerson*, 184 Ill.2d 245, 248 (1998). If a judgment for a plaintiff could operate to control the actions of the State, a Court lacks jurisdiction to entertain such an action. *Robb v. Sutton*, 147 Ill. App. 3d 710, 713 (4th Dist. 1986). Here, because Plaintiff seeks money damages against the ISP, a state agency, and the CSUP Defendants in their official capacities, Plaintiff's claims are really against the State itself. As such, Plaintiff's claims are barred by the doctrine of sovereign immunity.

**V.    CSUP Defendants are Entitled to Public Official Immunity For Plaintiff's State Law Claims.**

Illinois recognizes the doctrine of public official immunity to protect officials from liability for good faith acts falling within their official discretion. *Larson v. Darnell*, 113 Ill.App.3d 975, 976 (3rd Dist. 1983). Consequently, the CSUP Defendants are also shielded from liability under public official immunity for Plaintiff's state law claims. The doctrine of public official immunity rests on the principle that a government official should be protected from personal liability for making discretionary judgments

based on his perception of public needs. *See Currie v. Lao*, 198 Ill.App.3d 625 (3rd Dist. 1990), appeal allowed, 133 Ill.2d 553; *Oppe v. State of Missouri*, 171 Ill.App.3d 491 (4th Dist. 1988). The doctrine exists so that government officials need not fear lawsuits for actions undertaken while in office – "suits which would consume time and energies which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government." *Barr v. Matteo*, 360 U.S. 564, 571 (1959). That is, "government officials should not be impeded from acting in ways that they perceive are in the public's best interest because of fears of personal liability." *Campbell v. White*, 207 Ill.App.3d 541, 553 (4th Dist. 1991). To be protected, the actions must be taken within the scope of authority of the public official and not as a result of malicious motives. *Hicks v. Williams*, 104 Ill.App.3d 172, 177 (5th Dist. 1982), appeal denied, 91 Ill.2d 569 (1982).

To determine whether public official immunity applies to a particular individual in a given situation, a court looks to the source of the duty the employee is charged with breaching in committing the allegedly negligent act. *Currie v. Lao*, 148 Ill.2d 151, 159 (Ill. 1992). Courts will consider whether the conduct was of a "uniquely governmental function" in making this analysis. *Id.*; *See Loman v. Freeman*, 229 Ill. 2d. 104 (Ill. 2008). To be protected, an official's actions must be taken within the scope of authority of the public official and not as a result of malicious motives. *Hicks v. Williams*, 104 Ill.App.3d 172, 177 (5th Dist. 1982), appeal denied, 91 Ill.2d 569 (1982).

Here, the CSUP Defendants are State employees and public official who engaged in conduct unique to government in allegedly arresting Plaintiff for criminal trespass. Moreover, the CSUP Defendants exercised their discretion in arresting Plaintiff. *See,*

*e.g., Anderson v. Creighton,* 483 U.S. 635, 638 (1987) (police officer's discretionary functions includes filing for a warrant with the belief that there was probable cause to support the application). Thus, the Defendant's are entitled to public official immunity for their discretionary functions relative to Plaintiff's allegations.

VI.  **PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED PURSUANT TO 28 U.S.C. § 1367(c)(3).**

Under 28 U.S.C. § 1367(a), when the Court has original jurisdiction over a federal claim, the court also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). When the claim over which the court has original jurisdiction is dismissed, however, the court may decline to exercise supplemental jurisdiction over the remaining state claims. 28 U.S.C. § 1367(c)(3). *See Williams Elec. Games, Inc. v. Garrity,* 479 F.3d 904, 907 (7th Cir. 2007) (internal citations omitted) (when a state law claim is appended to a federal claim that confers original jurisdiction on the federal courts, "the sensible presumption [is] that if the federal claims drop out before trial, the district court should relinquish jurisdiction over the state-law claims"); *see also Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1250 (7th Cir. 1994) (a district court may decline to exercise supplemental jurisdiction over pendent state-law claims if the court has dismissed all claims over which it has jurisdiction).

This presumption is based on the fact that "[s]ubstantial judicial and party resources will probably not have been expended on the litigation, and so the economies from retaining jurisdiction over the state-law claims will be slight." *Id.*; *see also Redwood v. Dobson,* 476 F.3d 462, 467 (7th Cir.2007) ( "A court that resolves all federal claims before trial normally should dismiss supplemental claims without prejudice."). The

considerations supporting the presumption against retaining supplemental jurisdiction apply here. To the extent that the Court should dismiss Plaintiff's claims against the State Defendants for lack of subject matter jurisdiction and/or find that Plaintiff's Complaint fails to state a federal cause of action, the State Defendants respectfully request that this Honorable Court decline to exercise supplemental jurisdiction over Plaintiff's three remaining state law claims and dismiss them without prejudice.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants, the Illinois State Police, Wilber Norrey, Chester Montgomery, Veronica Harris, and Akilah Marshall respectfully request that this Honorable Court grant their Motion to Dismiss and dismiss Plaintiff's claims against them with prejudice and in their entirety.

Date: August 12, 2008

LISA MADIGAN
Illinois Attorney General

Respectfully submitted,

/s/ Kathleen L. Ford
KATHLEEN L. FORD
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, IL 60601
(312) 814-5160
kford@atg.state.il.us

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 12, 2008, I electronically filed the above document with the Clerk of the Court using the CM/ECF system. I further certify that on the same date, a copy of the foregoing was mailed to Plaintiff, Kolawole Smith, at the following address: 433 W. Harrison, P.O. Box 5290, Chicago, Illinois 60680-5290.

      /s/ Kathleen L. Ford